IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA        )
                                )
     v.                         )        1:20CR327-1
                                )
ARMANDO NAVA-JUAREZ             )

## NOTICE

Defendant has pleaded guilty to an offense arising from unlawfully registering to vote and voting in the 2016 General Election, which included the office of President of the United States.

A state, and arguably this nation, "indisputably has a compelling interest in preserving the integrity of its election process." Purcell v. Gonzalez, 549 U.S. 1, 4 (2006) (internal quotations omitted).

> Confidence in the integrity of our electoral processes is essential to the functioning of our participatory democracy. Voter fraud drives honest citizens out of the democratic process and breeds distrust of our government. Voters who fear their legitimate votes will be outweighed by fraudulent ones will feel disenfranchised. "[T]he right of suffrage can be denied by a debasement or dilution of the weight of a citizen's vote just as effectively as by wholly prohibiting the free exercise of the franchise."

Id. (quoting Reynolds v. Sims, 377 U.S. 533, 555 (1964)).

Another district court, in determining whether an unlawful vote by a non-citizen reflects upon moral character, explains:

> [I]llegal voting is an offense capable of adversely reflecting on one's moral character. Unlike other misdemeanor or petty offenses, unlawful voting is connected to the civic virtue of participatory democracy and therefore has a moral component. The right to vote is among the primary privileges conferred upon new citizens. Voting laws protect the integrity of this right, and in turn, the legitimacy of our republic. Indeed, confidence in the integrity of our electoral processes is central to our political order and "voting is of the most fundamental significance under our constitutional structure." Illinois State Board of Elections v. Socialist Workers Party, 440 U.S. 173, 184 (1979); see also Purcell v. Gonzalez, 549 U.S. 1, 4 (2006). Acts that subvert the electoral process therefore undermine confidence in public institutions. The treatment of unlawful voting in other immigration contexts is also instructive. Although not subject to steep criminal penalties under 18 U.S.C. § 611, noncitizen voters face harsh immigration consequences as a result of such conduct; for example, they become inadmissible and subject to removal.

Olaifa v. Mayorkas, No. 18CV6801, 2021 WL 1057736, at *6 (N.D. Ill. Mar. 18, 2021).

In determining a sentence, this court is required to consider, inter alia, "the nature and circumstances of the offense," and, relatedly, "need for the sentence imposed to reflect the seriousness of the offense." 18 U.S.C. § 3553(a)(1), (a)(2)(A). Upon preliminary review, this court is significantly concerned about whether the applicable guideline, or a probationary sentence, reflects the seriousness of the offense.

- 2 -

While on the one hand, the offense may appear petty, as it involves a one-person exercise of the vote; on the other hand, this action is an offense against "the integrity of our electoral process" and "[v]oting laws protect . . . the legitimacy of our republic." Olaifa, 2021 WL 1057736, at *6.

Similarly, this court has significant concern, given the substantial need to protect the integrity of the electoral process, that any sentence imposed "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). The commentary to the guidelines for offenses involving taxation offer a parallel, but arguably applicable, analysis:

> The criminal tax laws are designed to protect the public interest in preserving the integrity of the nation's tax system. Criminal tax prosecutions serve to punish the violator and promote respect for the tax laws. Because of the limited number of criminal tax prosecutions relative to the estimated incidence of such violations, deterring others from violating the tax laws is a primary consideration underlying these guidelines.

U.S.S.G. ch. 2, pt. T, introductory cmt. (U.S. Sent'g Comm'n 2018). No facts have been presented in this case which might provide an estimated incidence of election law violations similar to that described in the tax offense commentary. However, the crime to which Defendant has pleaded guilty is clearly designed to protect the public interest in the integrity of the vote. Promoting respect for the integrity of the ballot

- 3 -

is a consideration similar to preserving respect for the tax laws.

This court is required to consider all of the factors listed in 18 U.S.C. § 3553, including the history and characteristics of the defendant. The parties should be prepared to address the matters described herein at sentencing.

This the 10th day of May, 2021.

_____
United States District Judge

– 4 –